UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:09-cr-153 |
| | : | |
| vs. | : | Judge Timothy S. Black |
| | : | |
| DAVID C. BIGI (1), | : | |
| ROBERT J. BIGI (2), | : | |
| | : | |
| Defendants. | : | |

## ORDER DENYING DEFENDANT ROBERT BIGI'S RENEWED MOTION FOR SEPARATE TRIAL (DOC. 222)

This case is before the Court on Defendant Robert Bigi's Renewed Motion for

Separate Trial. (Doc. 222). Defendant Robert Bigi argues that, in light of the

Government's intention to seek introduction of evidence related solely to the acts of co-

Defendant David Bigi on July 10, 2009, a joint trial would severely prejudice him. The

Government filed a Response opposing Defendant's Motion, arguing that Defendant

Robert Bigi fails to demonstrate that substantial and compelling prejudice will result from

a joint trial. (Doc. 229). The Motion is now ripe for determination by the Court.

Generally, "individuals indicted together in a conspiracy charge should be tried

together." *United States v. Hereford*, 162 Fed. Appx. 439, 444 (6th Cir. 2006) (citing

*United States v. Dempsey*, 733 F.2d 392, 398 (6th Cir.1984)). The Federal Rules of

Criminal Procedure do, however, provide a mechanism for severance of trial "[i]f the

joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant[.]"

Fed. R. Crim. P. 14(a). Nevertheless, in order to overcome application of "'the general

rule, the defendant must carry the heavy burden of showing specific and compelling

prejudice resulting from a joint trial which can be rectified only by separate trials.'"

*Hereford*, 162 Fed. Appx. at 444 (quoting *United States v. Davis*, 809 F.2d 1194, 1207 (6th Cir.1987)).

Here, Defendant re-asserts essentially the same arguments asserted in this first Motion for a Separate Trial. (Doc. 176).  In denying Defendant's first Motion for a Separate Trial, the Court concluded that Defendant failed to carry his heavy burden of showing substantial or compelling prejudice, and insofar as any prejudice were to occur upon the introduction of certain evidence gathered from law enforcement investigations on July 10, 2009, or introduction of co-Defendant David Bigi's state conviction for receiving stolen property, such prejudice could be adequately cured by a limiting instruction. *See Hereford*, 162 Fed. Appx. at 444 (stating that "a limiting instruction generally suffices to protect co-defendants from the potential prejudice arising from evidence admitted against another defendant").

Defendant makes no specific showing of substantial or compelling prejudice, and further fails to demonstrate that a limiting instruction would not adequately cure such prejudice.  Accordingly, for the foregoing reasons, as well as the reason set forth in the Court's previous Order Denying Severance (Doc. 191), Defendant's Renewed Motion for Separate Trial is **DENIED**.

**IT IS SO ORDERED.**

Date:    July 27, 2011    

Timothy S. Black
United States District Judge

-2-